OPINION
The plaintiff-appellant, Master Vision Polishing, Inc., appeals the decision of the Shelby County Court of Appeals finding in favor of defendant-appellee, Reliable Castings Corp., in a suit in which the appellant asserted breach of a vendor-vendee agreement. For the following reasons, we affirm the decision of the trial court.
The pertinent facts and procedural history are as follows. Master Vision is in the business of grinding, polishing, and finishing metal parts manufactured by others. Reliable manufactures tail pipes and other castings which are used by the automotive industry. The two companies began doing business together in 1999 when Master Vision began polishing headlights for Reliable. Later, discussions were entered into concerning the possibility of Master Vision polishing tailpipes for Reliable. Negotiations took place after which the parties agreed on a contract whereby Master Vision would polish all of Reliable's tailpipes for 90 cents apiece, a price that would be good for two years. The contract also specified that Master Vision would be Reliable's exclusive tailpipe polisher.
Master Vision took the necessary steps to set up its shop to handle all of Reliable's tailpipe polishing business, purchasing additional equipment, hiring additional employees, and reconfiguring its facility. Discussions on quality standards were held wherein Reliable advised Master Vision of what was expected in the polishing of Reliable's tailpipes. Quality control was a particular concern of Reliable Castings due to its supply contract with General Motors.
Problems quickly arose with the quality of Master Vision's polishing requiring Reliable to perform frequent 100 percent inspections of tailpipes received from Master Vision. These inspections, which required re-work and re-packaging of the tailpipes, threatened Reliable's "just in time" delivery requirements with GM. In April 2000, Reliable threatened to take their business elsewhere due to the quality issues. Finally, On June 23, 2000, Reliable informed Master Vision by letter that it would no longer send them tailpipes for polishing.
Master Vision filed a complaint on August 28, 2000 alleging breach of contract. Reliable denied Master Vision's allegations and asserted a counterclaim seeking damages for Master Vision's alleged poor performance. The case was tried by bench trial which lasted 2-1/2 days. The primary focus of the evidence was on whether there was a contract between the two parties and, if so, whether Reliable was justified in terminating the contract due to Master Vision's failure to substantially perform. On December 11, 2000, the trial court issued its decision finding that although Master Vision had a binding, enforceable contract with Reliable, it was unable to comply with Reliable's quality requirements. Thus, the trial court found that Reliable was justified in terminating the contract. Reliable's counterclaim was dismissed for failure to prove its claim for damages by a preponderance of the evidence.
The appellant now appeals asserting the following two assignments of error for our review:
 ASSIGNMENT OF ERROR NO. I
"The Trial Court erred and abused it (sic) discretion by limiting the duration of Plaintiff-Appellant's cross-examination of witnesses and by refusing to provide Plaintiff-Appellant the opportunity to present rebuttal evidence."
In its first assignment of error, Master Vision contends that the trial court abused its discretion by limiting Master Vision's cross-examination of two witnesses on the final day of the trial. Master Vision also asserts that the trial court abused its discretion by ruling at the conclusion of Reliable's case that it would not entertain rebuttal. The trial court's actions, the appellant argues, prejudiced their case.
The admission or exclusion of evidence rests in the trial court's sound discretion.[1] Furthermore, under Evid.R. 611(B), the scope of cross-examination lies within the sound discretion of the trial court.[2]
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.[3]
Upon our review of the record, we believe that the appellant's version of the facts as stated in its assignments of error require some clarification. On the morning of the trial's third day, the trial judge, for the first time, informed the parties that there would be time constraints. The judge stated that he was also the juvenile judge with "an 11:30 detention hearing downstairs, and — and after that I'm leaving for Cincinnati. My mother is being transferred from a hospital today."
The trial then proceeded with the conclusion of Reliable's defense. Reliable completed its cross-examination of Ernie Powers, a witness called previously by Master Vision during its case-in-chief. The court then announced that Master Vision's redirect of Mr. Powers was limited to 15 minutes due to time constraints. Master Vision recorded an objection and proceeded with redirect.
Reliable then called Tom Abney to the stand. Following direct, Mr. Abney was cross-examined by the appellant during which the court informed the appellant that five minutes remained. No objection was voiced. The court then prohibited Reliable's redirect of Mr. Abney.
The final defense witness, Dottie Sekas, was then called to the stand. Both parties completed their questioning of this witness. The court then asked whether Reliable had a "five-minute witness" to which it responded in the negative. The court then admitted all of the exhibits offered by each party and stated that it would not entertain rebuttal. No objection was made to this announcement.
Contrary to the appellant's assertion, the trial court actually limited the duration of the redirect, not the cross-examination, of Ernie Powers. The appellant suggests that it was prejudiced by the trial court's allotment of insufficient time in which it could continue redirect. We must conclude, however, that the record does not support Master Vision's allegations. Mr. Powers was Master Vision's first witness in its case-in-chief and was questioned extensively. The trial court did not cut off or otherwise limit the time for direct examination of that witness. Only on redirect and re-cross examination did the trial court impose limitations. Further, Master Vision did not proffer any specific evidence that it would have entered in the record but was unable to introduce because of the time limitations imposed by the trial court. Even if we assume arguendo that the trial court did abuse its discretion in limiting redirect, the error was harmless. Master Vision, like Reliable, was permitted to submit its own proposed findings of facts and conclusions of law and, as previously mentioned, all of the plaintiff's exhibits were admitted. Thus, there is nothing to suggest that Master Vision was prejudiced by the supposed time restraints imposed by the trial court.
As noted above, no objection was made to the time constraints of the appellant's cross-examination of Mr. Abney, nor was there an objection made to the court's announcement that it would not entertain rebuttal. In the absence of plain error, a reviewing court may not consider any alleged error which a party failed to bring to the trial court's attention at a time when the error could have been corrected.[4] The appellant could have objected and requested a continuance if there were more witnesses to question or if there was more evidence to introduce.
Accordingly, the appellant's first assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR NO. II
"The Trial Court erred in refusing to allow Plaintiff-Appellant to cross-examine a witness about documents which directly contradicted that witness' testimony."
In its final assignment of error, Master Vision contends that the trial court erred by not permitting it to question Ms. Sekas about documents that allegedly contradicted her testimony. We note that in Ede v. AtriumSouth OB-GYN, Inc.,[5] the Ohio Supreme Court stated that the standard of review when considering evidentiary rulings, including rulings limiting the scope of cross-examination, is whether the trial court abused its discretion. Due to the fact that the present action was a bench trial, greater freedom is given to the trial court for the production of evidence because a presumption exists that the trial judge will only consider relevant, material and competent evidence in deciding a case.[6]
Because this case was a bench trial, the trial judge had the means and opportunity to view and question, if necessary, the veracity and credibility of this witness. The trial court limited the scope of appellant's cross-examination because Master Vision inquired about documents that it had not listed as exhibits that it would introduce at trial. The trial court, in sustaining Reliable's objection, stated that if the exhibits were not turned over before trial, they would not come in. We conclude that under the circumstances presented in this case, the trial court did not abuse its discretion.
Accordingly, based upon the foregoing reasons, we overrule the appellant's second assignment of error.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] Mayse v. Conrad (Feb. 21, 2001), Union App. No. 14-2000-36.
[2] State v. Acre (1983), 6 Ohio St.3d 140.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[4] Boewe v. Ford Motor Co. (1992), 94 Ohio App.3d 270.
[5] (1994), 71 Ohio St.3d 124, 1994-Ohio-424.
[6] State v. Eubank (1979), 60 Ohio St.2d 183, 187; State v. Post
(1987), 32 Ohio St.3d 380, 384.