THE STATE OF OHIO, APPELLANT, *v.* ACRE, APPELLEE.

[Cite as State *v.* Acre (1983), 6 Ohio St. 3d 140.]

(No. 82-860—Decided August 3, 1983.)

Mr. Anthony G. Pizza, prosecuting attorney, and Ms. Julia R. Bates, for appellant.

Mr. Paul A. Davis, for appellee.

HOLMES, J. Concerning the introduction of the ancillary sexual acts sought to be introduced by the state pursuant to R.C. 2945.59, the controlling statute is R.C. 2907.02 relating to the evidence of the sexual activity of the victim and the defendant allowable in a trial of a rape case. The pertinent portions of this section are as follows:

"(D) * * *

"Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

"(E) Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial."

The court of appeals held that the trial court had properly held the *in camera* conference pursuant to R.C. 2907.02(D) and (E) as to the minor children who were witnesses to the other sexual acts. However, the court of appeals held that the trial court failed to hold such *in camera* conference as

to the testimony of the adult witnesses who had testified as to other sexual acts of the appellee. Further, the court of appeals held that such error was prejudicial to the appellee. We agree that the trial court erred in this regard, but hold that such error, in view of the totality of the evidence in this case, was not prejudicial to the appellee's right to a fair trial.

R.C. 2907.02(D) provides that evidence of defendant's past sexual activity with the victim or evidence of "other acts" pursuant to R.C. 2945.59 is admissible only to the extent that the court finds that the evidence is material to a fact at issue in the case, and finds that the inflammatory or prejudicial nature of such evidence does not outweigh its probative value. R.C. 2907.02(E) provides that the court shall resolve the admissibility of the proposed evidence in a hearing in chambers. The import of this section is that when evidence is to be introduced of prior sexual activity, the trial court must conduct an *in camera* hearing upon such proposed evidence.

Here, the record shows that the trial court properly held an *in camera* hearing upon the testimony to be given in the trial by the two minor children who were specifically involved in the sexual incidents. However, as to the testimony to be given by the two adult witnesses referred to, there was only side bar, or bench, conversation with the judge and counsel for appellee and the state. There was no hearing in chambers as required by the statute. The basic requirement of the section is that prior to presentation of evidence there must be a hearing within the chambers of the court, not a mere discussion at the bench. The hearing, although an informal one, must cover that evidence which will be presented by all witnesses concerning the defendant's past sexual activity with the victim.

A review of the testimony of the two adults who were not examined *in camera* shows that Roberta Krause had testified that she knew of the sexual abuse of her daughter Tamie by the appellee, which had previously been testified to by Tamie. Also, Mrs. Krause testified as to the occasion when she had assisted appellee in his abuse of Tamie, and that she did so out of fear of the appellee. The latter was new material, not having been testified to previously. As to the testimony of Linda Smidi, she testified as to being told by Tamie of one of the incidents of sexual abuse of her by appellee, such incident having taken place at a picnic which was attended by the Krauses, the appellee, and Smidi, among others. Smidi also testified as to the incident of seeing the appellee kiss Tamie in a sensuous, rather than a fatherly, manner, this being material not testified to previously. Evaluating the testimony of both of these witnesses presents a mix of corroborative-type evidence and some evidence of incidents not touched upon by the prior testimony of the minor children.

Any prejudicial impact of such testimony would perhaps be in the new material alluded to, rather than in the corroborative testimony. However, an overview of this testimony does not present itself as being so inflammatory that it would be incurably prejudicial. A review of the totality of the evidence presented upon the issues of the appellee's guilt would, even in the absence of

this complained of testimony, overwhelmingly support such guilt. Therefore, we hold that the failure to conduct an *in camera* hearing in this instance as to the adult witnesses was not prejudicial error. We believe that this holding is in accord with the law as enunciated in *State* v. *Wilkinson* (1980), 64 Ohio St. 2d 308 [18 O.O.3d 482].

The state argues that even though a hearing in chambers might have been required of the other witnesses regarding the appellee's "other acts," such a hearing had been waived by the appellee in this cause. We recognize that the failure of a trial court to *sua sponte* hold such a hearing would not be error. In this respect we hold that the appellee may waive his statutorily granted right to such a hearing by failing to make a timely request for it. The record clearly demonstrates that appellee did not waive his right to such a hearing, for after the colloquy between appellee's counsel and the trial court, the court announced its decision that an in chambers hearing regarding the adult witnesses' testimony was not required. This shows that the right to a hearing was not waived.

We now turn to the issue of the cross-examination of the appellee found to be improper by the court of appeals. At trial, the appellee took the stand and denied any sexual activity with the children at any time, and characterized his relationship with them as a loving, parental one. Upon cross-examination of the appellee, he was questioned as to his possession of certain photographs of naked children in various poses, none of which upon inspection appears to be particularly sexually suggestive. He stated that he found the photos when he moved into the apartment with Mrs. Krause, but that he threw them away. The appellee was shown a number of photos apparently marked as exhibits, and he admitted that they were the ones he had found and thrown away. These pictures were not shown to the jury, nor actually made a part of the record. The state thereafter offered Mrs. Krause as a rebuttal witness who testified that the appellee had not thrown such photos away but, to the contrary, that he had kept them, and that she turned them over to the police after these charges were filed against appellee.

The court of appeals held that the cross-examination of the appellee regarding such photos and thereafter not showing them to the jury, nor making them part of the record, constituted prejudicial error. We disagree.

The cross-examination of the appellee concerning the photos followed a question by the prosecutor to the appellee as to whether the idea of "* * * having some kind of [sexual] relations with a seven year old child is disgusting to you?" The appellee answered in the affirmative. The prosecutor then proceeded to interrogate the appellee relative to the photos basically for the purposes of impeachment and to attack his credibility. In regard to the substance of cross-examination, Evid. R. 611(B) provides:

"Scope of cross-examination. Cross-examination shall be permitted on all relevant matters and matters affecting credibility."

Here, the appellee testified that his only relationship with the minor children was of a parental nature; that any sexual touching or relations with

a child of tender years would be disgusting to him. It is our view that the cross-examination of appellee's possession of nude photos of children followed to allowably test appellee's credibility. The limitation of such cross-examination lies within the sound discretion of the trial court, viewed in relation to the particular facts of the case. Such exercise of discretion will not be disturbed in the absence of a clear showing of an abuse of discretion. We find no such abuse here.

Based on all of the foregoing, the judgment of the court of appeals is hereby reversed upon these issues, and the judgment of the trial court is reinstated.

*Judgment reversed.*

PRYATEL, C. BROWN, and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C.J., W. BROWN and SWEENEY, JJ., dissent.

PRYATEL, J., of the Eighth Appellate District, sitting for LOCHER, J.

WILLIAM B. BROWN, J., dissenting. I respectfully dissent. While I agree with the majority's finding that the trial court erred in failing to hold an *in camera* hearing pursuant to R.C. 2907.02 (D) and (E) as to the testimony of the adult witnesses who testified as to other sexual acts of the appellee, I disagree with the majority's conclusion that such error was not prejudicial to the appellee's right to a fair trial.

The majority's resort to the use of the harmless error rule to avoid reversal of the criminal conviction herein is ill-advised and most unfortunate. By its holding, the majority encourages after-the-fact analysis of a witness' testimony for a determination of whether the probative value of the evidence is greater than its prejudicial effect. Such an approach fails to provide any guidance to the bench or to the practicing bar, and has the practical effect of providing a loophole in the statutory framework whereby a criminal defendant will have one more arrow in his quiver with which to challenge his conviction. This will, in turn, result in unnecessarily increasing the ever-expanding appellate court docket of this state.

Moreover, the majority's approach is contrary to the plain language of R.C. 2907.02 (E). This section requires that the trial court, upon proper request, must first examine *each* witness *in camera* who will later testify as to "any sexual activity of the victim or the defendant," in order to determine if the potential "other acts" evidence is relevant and material and whether its probative value of the evidence is greater than its prejudical effect. And, in order to make these determinations, the court must take actual testimony in an *in camera* proceeding.

If the majority had given plain meaning to the clear mandate of R.C. 2907.02 (E) and required when properly requested, an *in camera* hearing of

each witness who will testify as to "other acts," the pitfalls enunciated above could have been easily avoided.

CELEBREZZE, C.J., and SWEENEY, J., concur in the foregoing dissenting opinion.