OPINION
Defendant Milton Dave appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of sexual battery in violation of R.C. 2907.03
and one count of gross sexual imposition in violation of R.C. 2907.04, after a jury found him guilty of those charges. The jury also found appellant not guilty of one count of rape in violation of R.C. 2907.02, and two additional counts of gross sexual imposition. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTOR TO COMMIT MISCONDUCT AND BY FAILING TO HOLD A HEARING UPON THE ADMISSIBILITY OF ALLEGED OTHER ACTS OF SEXUAL MISCONDUCT BY THE DEFENDANT.
The record indicates appellant was an eighth grade school teacher at the Hartford Middle School in Canton, Stark County, Ohio. He was indicted for having sexual conduct and contact with two different eighth grade students on two different occasions, one in November of 1995, and the other in March of 1995.
On the final day of trial, appellant took the stand in his own defense. On cross examination, appellant denied the charges, and testified that he would never inappropriately touch a child. At this point, the prosecutor asked the appellant if he was familiar with a series of five persons, four of whom the prosecutor identified as former students and the fifth whom appellant identified as the mother of his daughter. The prosecutor then asked appellant if he would be surprised if the individuals she had named disagreed with his statement that he would never act inappropriately with children. The court called all counsel to the bench upon defense counsel's second objection to the proceedings, and the trial judge instructed the prosecutor she could not impeach appellant by just saying a name and "walking away". The prosecutor responded she intended to call all of the persons on rebuttal to testify regarding whether appellant had ever touched a child inappropriately. At that point, the court permitted the prosecutor to pursue this line of cross-examination of appellant. Appellant then testified it would surprise him if any of the women testified he had done something inappropriate. Thereafter, the defense rested its case in chief and the court called a recess to discuss the foregoing with all counsel.
Eventually, the prosecutor was able to produce two of the women who the prosecutor asserted would testify. Defense counsel objected, arguing the prosecutor's witness list did not contain the witnesses' names and assuring the court if counsel had been aware of the witnesses' identity he would have interviewed them.
The court overruled defense counsel's motion for a continuance in order to prepare for the rebuttal witnesses, and the court directed defense counsel to interview one of the witnesses in the hall briefly before the State called her to testify. Defense counsel responded he was unwilling to go into the hallway where the jury was to interview the witness within view of the jury. The prosecutor presented the testimony of one witness and proffered the evidence of another. The other three witnesses whom the prosecutor had named before the jury did not appear, and no proffer was made regarding what their rebuttal testimony would have been.
The first rebuttal witness testified while she was an eighth grade student at Hartford Middle School appellant had raped her on four occasions. She testified she came forward to testify because she did not want it to happen again, because she was not the first nor the last.
When the prosecutor called the other rebuttal witness to the stand, the trial court refused to permit the testimony, finding the jury had probably seen the prospective witness with defense counsel. Appellant points out the only occasion which the jurors would have had the opportunity to see defense counsel with this witness would have been if he had complied with the court's direction to go in the hall and speak to the witness.
The prosecutor then objected to the court that its ruling not to let other witnesses testify on rebuttal would give the jury a bad impression of the State's case. The court then instructed the jury that the State had produced two witnesses from the three or four other witnesses whose names had come up during cross examination. The judge informed the jury that it would permit only one witness to testify, and for reasons of its own, would not permit the other witness to testify at that time. The court did not speak to the absence of the other witnesses. Appellant argues this left the jury to speculate as to the nature of the testimony that was precluded, and why it was precluded.
Immediately subsequent to the jury instruction, the parties made their closing arguments. The prosecutor argued the testimony of the rebuttal witness was substantive evidence of guilt. During rebuttal, the prosecutor asked the jury to decide if appellant was the sort of person who should be instructing children. The prosecutor asked ". . . are you firmly convinced that Milton Dave is the kind of person that you would want your child to go to, to be instructed by, to be alone with in a room, a dark room with a locked door? . . ." (T. Vol. 4, at 162.)
The court gave no jury instruction regarding the appropriate interpretation it could make with regard to the rebuttal testimony.
Appellant argues the court should have held a hearing on the admissibility of the alleged other acts of sexual misconduct committed against other children. The State argues appellant's testimony in which he asserted he would never harm any child opened the door to the State's using other children to rebut appellant's assertion. The State also agues this evidence was admissible under R.C. 2945.59 and Evid. R. 404 (B). In State v.Broom (1988), 40 Ohio St.3d 277, the Ohio Supreme Court held the rule and statute permit admission of other acts which tend to show by circumstantial proof things such as proof of motive, opportunity, intent, for action, plan, knowledge, identity, or absence of mistake or accident. The State concedes the evidence of prior bad acts is not admissible to demonstrate appellant possessed a particular trait, disposition, or propensity to commit this type of crime, see State v. Lytle (1976), 48 Ohio St.2d 391.
In State v. Lattrell (August 30, 1993), Stark Appellate # CA-9207, unreported, this court reviewed a conviction for felonious sexual penetration and gross sexual imposition. In theLattrell case, appellant alleged the court should have granted his motion for mistrial based on prosecutorial misconduct. One of the instances of misconduct involved the situation similar to what occurred in the case at bar. Before trial, the State requested a hearing regarding the admissibility of evidence that the accused had sexually assaulted another person on a prior occasion. The court held the evidence would not be admissible for one of the purposes specified in Evid. R. 404, and the State reserved the right to present the evidence on rebuttal. However, during cross examination of the accused, the prosecutor asked if he knew the alleged victim in the prior offense. The court sustained an objection to the question. In Lattrell, supra, we noted ". . . while the question may have been improper in light of the outcome of the earlier hearing, the question itself did not suggest to the jury that it dealt with a prior allegation of sexual misconduct, and the prosecutor did not attempt to further question appellant concerning the matter. Thus, the prosecutor did not commit misconduct in asking the question. . . ." Lattrell at 4.
Here, the questions did more than suggest to the jury there was a prior allegation of sexual misconduct. The prosecutor blatantly informed the jury the State could prove that appellant had committed sexual offenses against at least five other persons.
The court then permitted the prosecution to present the testimony of one of the five named persons, who was permitted to inform in some detail of a prior, unindicted offense. Thereafter, the court refused to let the State present any more witnesses, and it even gave a jury instruction which essentially reminded the jury there were other persons whom the State could have called to testify in a presumably similar manner. We note the State was permitted to present the testimony of a child who alleged appellant had raped her, but the proffer the State made of its other witness' potential testimony involved an accusation appellant had merely touched her inappropriately. The proffer did not include an allegation of rape. Thus, appellant argues the court permitted the jury to hear the worst allegation and to speculate about the rest.
The State appears to concede the question of whether the foregoing was reversible error depends upon whether the court should have held a hearing on the admissibility of the evidence, as well as the question of whether the evidence of other sexual acts contributed to the defendant's conviction. The State argues if the evidence was otherwise admissible and was admitted without an in-chambers hearing, was merely corroborative or cumulative to evidence which had been given by other witnesses, then the failure to conduct a hearing was not prejudicial, State v. Acre (1983),6 Ohio St.3d 140.
The State argues it was "not possible" to hold a hearing prior to trial on the admissibility of the rebuttal witness' testimony because this was not brought in the State's case in chief. The State notes the prosecutor did proffer the expected testimony to the court outside the presence of the jury. The State also alleges in light of the overwhelming evidence presented in the case, the rebuttal testimony was only corroborative or cumulative.
We simply cannot find that either the court or the prosecutor conducted themselves appropriately in this trial. First, the prosecutor should never have been permitted to accuse the appellant of improper acts toward five other victims during cross examination. This case is nothing like Lattrell, supra, and the questions, standing alone, are egregious enough in themselves to make us doubt the fairness of the outcome of this trial. The actions of the State and the court thereafter, in bringing in the rebuttal testimony of one of the five persons whom the prosecutor had named for the jury cannot be considered corroborative or cumulative in any fashion. Further, as the appellant points out, although the State alleges it had overwhelming physical evidence, the jury acquitted appellant on the most serious charge involving one of the victims, and acquitted him on all charges involving the other victim.
Even if the rebuttal witness' testimony was presented properly, the court never informed the jury what use it could make of the rebuttal witness' testimony. Compounding this error, is the prosecutor's argument on closing that the testimony of the rebuttal witness could be used as substantive evidence of guilt. In State v. Liberatore (1982), 69 Ohio St.2d 583, the Ohio Supreme Court directed a new trial for prosecutorial misconduct of this type. In Liberatore, the Supreme Court noted the prosecution is entitled to some degree of latitude, but found where the prosecutor's unprofessional conduct prejudiced the defendant's rights to such an extent, reversal was required, Liberatore at 590.
We noted in passing not every improper comment of the prosecutor, was objected to by defense counsel. Crim. R. 52 (B) permits us to take notice of errors which affect the substantial rights of the accused even though they were not brought to the attention of the court. Here, the prosecutor far exceeded the bounds appropriate in cross examination, and the court's actions compounded the mistakes.
Finally, we must say the comment of the prosecutor on closing, urging the jurors to determine whether they wanted their own children to be alone in a locked dark room with the appellant is, as the Supreme Court noted in Liberatore, supra, ". . . a text book example of what a closing argument should not be. . . ." This argument is clearly designed solely to inflame the jury, and, as the Liberatore court before us, we cannot filter out the impact of this particular argument in light of all the other improper conduct which went before it.
We find the trial court's brief discussion with counsel, outside the hearing of the jury, could be construed as a hearing on the issue of the admissibility of the rebuttal witness' testimony. However, we find the testimony offered by the State was appallingly inadmissible, even before the trial court compounded the error with its inappropriate and inaccurate instructions to the jury. The prosecutor's final argument to the jury regarding the use of the rebuttal witness as substantive evidence of guilt, even without the final appeal to the jury's passions, would be sufficient to undermine our confidence in the reliability of this trial.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Hoffman, J., and Reader, J., concur.