OPINION
Defendant Charles W. Bradley appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which convicted and sentenced him for one count of complicity to kidnaping in violation of R.C. 2905.01 and one count of complicity to commit theft in violation of R.C. 2913.02, after a jury found him guilty. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN DENYING DEFENDANT'S RIGHT TO RECALL STATE'S WITNESS AS IF UPON CROSS-EXAMINATION, IN VIOLATION OF DEFENDANT'S DUE PROCESS RIGHTS AND RIGHT TO CONFRONT THE WITNESSES AGAINST HIM, PROVIDED UNDER AMENDMENTS 5TH, 6TH AND 14TH OF THE FEDERAL CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.
At trial, the State called eight witnesses to testify. Tonya King, the Loss Control Manager; Chris Miller and Kevin Walter, Loss Control Associates; and Officers Randy Williamson and Larry Hootman of the New Philadelphia Police Department all testified regarding their investigation into a theft at a K-Mart store in New Philadelphia, Tuscarawas County, Ohio. The State also called Jeff Chandler, a distributor of health and beauty care merchandise, who was delivering merchandise to the K-Mart at the time of theft. Chandler's wife Linda and daughter Heather, who had accompanied him on his route, also testified. The essence of the State's case was that appellant and two other men attracted the attention of the store security officers with their suspicious behavior. The security officers video taped appellant serving as a lookout while his two accomplices loaded a shopping cart with nine Sony Playstation electronic games valued at $149.00 each. The three wandered around the store in a suspicious manner, then took the merchandise to the entrance of the store. Without paying for the merchandise appellant's brother pushed the cart out of the door where several security officers were waiting for him. Appellant and the third man rushed back into the store, and attempted to exit a rear door from a receiving area. At the door they encountered Jeff Chandler, and asked him to give them a ride. Chandler agreed, and allowed the two to get into his van, where they proceeded to car-jack him. Police officers ultimately stopped the van and arrested appellant and the other man. The third conspirator had been arrested at the K-Mart store. Appellant conceded he was at the store, but denied any involvement in the theft. The State also presented portions of the store security video tape in evidence. The loss control employees interpreted the security tape and identified appellant on the tape during the State's case in chief. After Tonya King and Chris Miller testified, defense counsel advised the court appellant was reserving the right to recall either or both as if on cross-examination. During the cross-examination of the State's last witness, Officer Hootman, appellant inquired about the officer's interview with the loss prevention personnel from K-Mart. The officer testified the K-Mart personnel advised him there were other people involved in the theft besides the man apprehended in the K-Mart parking lot. Officer Hootman testified he did not see the appellant when the officers arrived at the K-Mart parking lot. After the State rested, appellant asked to re-call Tonya King and Chris Miller, the loss control specialists, as if on cross. The court inquired of appellant what was the purpose in recalling the witnesses. Appellant informed the court he wished to cross-examine these persons regarding whether appellant was originally a suspect, or whether some store personnel thought they had captured the single guilty party at the store. Appellant maintained store personnel allowed him to leave the store because he was not involved in the theft. The court refused to allow the witnesses to be recalled, and permitted appellant to proffer their testimony into the record as evidence the loss control personnel originally thought only one person had committed the theft. Appellant urges the trial court deprived him of his right to effectively cross-examine the witnesses against him, in violation of his constitutional rights. One of the most essential rights of an accused is the right to a fair opportunity to defend, including the right to confront and cross-examine the witnesses, against him, and to call witnesses on his own behalf, see Chambers v. Mississippi (1973), 410 U.S. 284. The State responds a trial court may exercise discretion in imposing limits on cross-examination, where the testimony sought is irrelevant or otherwise inadmissible, Delaware v. VanArsdall (1986),475 U.S. 673. Limitation of cross-examination is within the sound discretion of the trial court, viewed in relation to the particular facts of the case, State v. Acre (1983), 6 Ohio St.3d 140. We have reviewed the record, and we find the trial court did not abuse its discretion in refusing to allow appellant to recall these two witnesses. It was not error for the trial court to tell appellant in the early part of the trial that he could reserve the right to recall the witnesses, but then later, after seeing how the evidence developed, to find it was unnecessary to recall the witnesses. The trial court's original ruling was premature, and subject to it's further consideration. Our review of the witnesses' original testimony, both on direct and on cross, leads us to conclude that all the relevant information had already been developed, and anything else would have been either irrelevant or cumulative. The proffered evidence did not demonstrate that, had the jury heard the evidence the result of the trial would have been different. Further, it appears clear on the record appellant very capably developed the issue during final argument, and got the points he wished to make across to the jury. Accordingly, we find no error herein.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
 ________________________ GWIN, P.J.,
HOFFMAN, J., and WISE, J., CONCUR.