OPINION
Defendant-appellant Michael Miesse appeals from his conviction and sentence on eight counts of Gross Sexual Imposition. Miesse argues that the trial court committed reversible error by, among other things, failing to exclude evidence of specific instances of his alleged, collateral sexual activity, because the evidence was not offered to prove any of the matters listed in R.C. 2945.59, and its probative value was outweighed by its inflammatory or prejudicial nature.
We conclude that the trial court did not err by refusing to exclude evidence of Miesse's collateral sexual activity, because it provided substantial proof of his motive, intent, and purpose in committing the offenses with which he was charged, and the inflammatory or prejudicial nature of the evidence did not outweigh its probative value. We further conclude that Miesse was not prejudiced by the trial court's failure to hold a new, R.C. 2907.05(E) hearing prior to admitting evidence of specific instances of his alleged, collateral sexual activity, after the original trial judge who had held the initial hearing recused himself before ruling on the matter, since the admission of the evidence did not constitute error. We also conclude that, notwithstanding Miesse's contention to the contrary, the trial court did make the requisite findings of fact before imposing consecutive prison terms on Miesse for his multiple convictions, and that those findings were supported by ample evidence. Accordingly, the judgment of the trial court is Affirmed.
 I
In April, 1999, Miesse was indicted on eight counts of Gross Sexual Imposition, pursuant to R.C. 2907.05, and one count of Public Indecency, pursuant to R.C. 2907.09. The Public Indecency charge was dismissed prior to trial. The Gross Sexual Imposition charges involved two minors, a male, M.E. (counts one through five), and a female, V.S. (counts six through eight), who were under the age of thirteen at the time the alleged offenses were committed.
Miesse filed a pre-trial motion in limine requesting that the trial court exclude from evidence testimony from any witness who attended an April 9, 1998 board meeting of Miesse's church, the Fellowship Christian Church, at which Miesse admitted, among other things, that he was sexually aroused by touching, kissing, and blowing on the stomachs of children. Miesse's motion also sought to have excluded from evidence tape recordings of his interview with Detective Robert Davidson of the Springfield Police Department and Elizabeth Spitler, a social service worker with the Clark County Department of Human Services, at which Miesse had made admissions similar to those he had made to members of his church.
The trial court held a hearing on the motion on July 15, 1999. The State presented the testimony of Detective Davidson and five others. After recognizing that the last witness called at the hearing by the State, Jim S., the stepfather of one of the victims, was the swimming coach for two of his children, the trial judge recused himself from the case, and the matter was re-assigned to another judge. After the parties briefed the second trial judge on the evidence that had been presented at the July 15th hearing, the trial judge overruled Miesse's motion, finding that Miesse's statements to others that he was sexually aroused by touching children's stomachs was material to facts at issue, namely, Miesse's purpose, motive, or intent, and that the inflammatory or prejudicial nature of this evidence did not outweigh its probative value. Miesse requested that the trial court hold a new hearing on the motion, but his request was overruled.
During Miesse's trial, M.E. and V.S. testified that Miesse touched, kissed, and blew on their stomachs, and touched their private areas as well (i.e., M.E.'s penis and bare buttocks, and V.S.'s breasts). The State also called as witnesses Detective Davidson, Spitler, and several members from Miesse's church, who testified that Miesse had admitted to them that he was sexually aroused by touching, kissing, and blowing on the stomachs of children. John Essig, the executive pastor of the church, testified that during a church elders' meeting Miesse admitted to having had some attraction towards "just about" every child they had asked him about whose name was in the church directory. Bert Barnes, one of the church's elders who was at the meeting testified that "[t]here were a large number of children that he [Miesse] referred to that he had lifted their shirts, blown on their stomachs, and had sexual arousal as a result of those activities with * * * over two dozen children." William Yowler, the children's pastor of the church, testified that Miesse admitted that he was sexually aroused when he had contact with three other children not been named in the indictment. Yowler also testified about an incident that occurred six or seven years ago at a swimming pool wherein Yowler noticed that Miesse had an erection when he got out of the pool, where he had just been playing with Yowler's children.
Testifying in his own defense, Miesse admitted that everything the State's witnesses had said was true, except for M.E.'s and V.S.'s testimony that he had touched their private parts. Miesse asserted that he had stopped at their stomachs, which he did not consider to be an "erogenous zone," as that term had been defined to him by his attorney. However, when asked under cross-examination what his purpose was in touching children's bellies, Miesse answered, "[t]here was some sexual gratification * * * involved."
At the close of evidence, Miesse moved to dismiss any count dependent upon his having had contact with the stomach of an alleged victim on the ground that the stomach was not an erogenous zone and, therefore, there could be no sexual contact as required in order for there to be an offense pursuant to R.C. 2907.05. The trial court overruled the motion.
The jury convicted Miesse on all eight counts of Gross Sexual Imposition. The trial court sentenced Miesse to a two-year prison term on each count, with the terms to be served consecutively. Miesse appeals from his conviction and sentence.
 II
Miesse's Second Assignment of Error states:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY FAILING TO HOLD THE HEARING REQUIRED BY OHIO REVISED CODE [SECTION] 2907.05(E).
Miesse argues that the trial court erred by not holding a second R.C.2907.05(E) hearing on his motion in limine before ruling on the matter. Miesse acknowledges that the trial court held an "informal hearing" prior to trial, but asserts that there is nothing in the record to indicate that the second trial judge reviewed the testimony of the witnesses who testified about his collateral sexual activities at the July 15th hearing, particularly since a transcript of that hearing was not available by the time the trial court ruled on the motion in limine.
R.C. 2907.05(E) provides that:
 [p]rior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial or for good cause shown during the trial.
Prior to taking testimony or receiving evidence of the victim's or defendant's collateral sexual activity in a gross sexual imposition case, a trial court must, pursuant to R.C. 2907.05(D) and (E), conduct an incamera hearing to determine whether the evidence is admissible and whether its probative value is greater than its prejudicial effect. See,State v. Acre (1983), 6 Ohio St.3d 140, paragraph one of the syllabus.[1]
"The testimony of all witnesses who shall testify to any collateral sexual activities of the victim or the defendant shall be reviewed by the trial court in such in camera hearing." Id. at paragraph two of the syllabus.
Contrary to what Miesse alleges, the record does indicate that before it issued its July 20, 1999 ruling on Miesse's motion in limine, the trial court had been briefed on the statements made by the witnesses at the July 15th hearing, and that Miesse's attorney had been permitted to make arguments concerning the admissibility of the proposed testimony. Indeed, the trial court stated at the July 20th proceedings, "I think it's no mystery as to what the testimony is and so I think we have a * * * clear indication of what the testimony is."
Miesse's defense counsel never alerted the trial court to any specific proposed testimony about which it had not been made aware, and about which he desired a ruling, but instead, merely argued that the trial court was required to actually hear the witnesses testify, presumably to judge their credibility. However, we agree with the trial court that R.C.2907.05(E) does not require it to actually listen to the proposed testimony of witnesses who are expected to testify regarding a defendant's or victim's collateral sexual activity. If the legislature had meant for the trial judge actually to listen to the testimony in order to judge the credibility of the witnesses, it would have directed that the proceedings occur in a more formal setting than in camera.
Instead, the statute envisions that the trial court will confine itself to ruling on the question of whether the testimony is legally admissible.
In light of the foregoing, Miesse's Second Assignment of Error is overruled.
 III
Miesse's Fourth and First Assignments of Error state, respectively, as follows:
 THE TRIAL COURT DID NOT MAKE THE FINDING REQUIRED BY OHIO REVISED CODE SECTION 2907.05(D) OR, IN THE ALTERNATIVE, THERE WAS INSUFFICIENT EVIDENCE UPON WHICH THE TRIAL COURT COULD MAKE THE REQUISITE FINDING, TO WIT: THAT THE EVIDENCE IS MATERIAL TO A FACT AT ISSUE IN THE CASE AND THAT ITS INFLAMMATORY OR PREJUDICIAL NATURE DOES NOT OUTWEIGH ITS PROBATIVE VALUE.
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY ALLOWING INTO EVIDENCE SPECIFIC INSTANCES OF APPELLANT'S SEXUAL ACTIVITY, OPINION EVIDENCE OF APPELLANT'S SEXUAL ACTIVITY, AND REPUTATION EVIDENCE OF APPELLANT'S SEXUAL ACTIVITY.
Miesse contends that the trial court erred by refusing to exclude from evidence testimony concerning specific instances of his sexual activity with children other than the ones named in the indictment, arguing that the testimony was not material to any fact in issue and that the inflammatory or prejudicial nature of the evidence outweighed its probative value.
R.C. 2907.05(D) states in relevant part that:
 [e]vidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
R.C. 2945.59 states that:
 [i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by defendant.
R.C. 2907.05 defines the offense of Gross Sexual Imposition as follows:
 (A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:
* * *
 (4) The other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person.
"Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B) (Emphasis added.) The term "erogenous" is an adjective meaning, "[r]esponsive to sexual stimulation." Webster's II New College
Dictionary (1995) 382.
At trial, Miesse argued that the stomach was not an erogenous zone because it was not among the body parts listed in R.C. 2907.01(B). The trial court rejected this argument, citing State v. Davis (May 3, 1983), Clark App. Nos. 1760 and 1768, unreported. After noting that the list of body parts constituting an erogenous zone contained in R.C. 2907.01(B) is prefaced with the phrase, "including without limitation," the trial court concluded that the legislature intended that body parts that are not traditionally viewed as erogenous zones, may, in some instances, be considered erogenous zones.
The trial court's ruling on this issue was correct, and Miesse has not challenged it on appeal. The significance of this ruling is two-fold. First, the State was permitted to demonstrate in its case-in-chief that Miesse derived sexual gratification from touching, kissing, or blowing on the stomachs of children. Because most people would view these acts as innocent and non-sexual, the State was entitled to introduce evidence, pursuant to R.C. 2945.59, indicating Miesse's motive, intent, or purpose in engaging in this activity, and the absence of mistake or accident on his part. Second, by admitting under cross-examination that he touched children's stomachs to obtain sexual gratification, Miesse effectively confessed to seven of the eight charges leveled against him, since seven of the eight charges alleged that the sexual contact that Miesse had with his victim included tickling and kissing their bellies.
The evidence which Miesse sought to have excluded constituted "substantial proof" of his motive, intent, and purpose of touching the victim's stomachs, which was a material issue in this case, see State v.Smith (1992), 84 Ohio App.3d 647, 664, and the inflammatory or prejudicial nature of this evidence did not outweigh its probative value. R.C. 2907.05(D). Therefore, the State was entitled to introduce evidence regarding Miesse's admissions to others that he was sexually aroused by touching, kissing, and blowing on children's stomachs, and that he had engaged in this activity in the past on a number of occasions. The evidence demonstrated Miesse's motive, intent, or purpose in engaging in this seemingly innocuous activity and demonstrated the absence of accident or mistake on his part. Without it, Miesse may well have been able to persuade the jury that his contact with the children's stomachs was innocuous.
Accordingly, Miesse's First and Fourth Assignments of Error are overruled.
 IV
Miesse's Third Assignment of Error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING CONSECUTIVE SENTENCES.
Miesse argues that the trial court erred by imposing consecutive sentences for the eight counts on which he was convicted because it failed to find that at least one of the circumstances listed in subsections (a), (b), or (c) of R.C. 2929.14(E)(4) existed. We disagree.
R.C. 2929.14(E)(4) provides that:
 [i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In sentencing Miesse at the July 30, 1999, the trial court stated as follows:
 Now, I'm going to make a finding on record that the Court finds that the shortest term would demean the seriousness of the offense and I'm going to find that the Defendant committed the worse [sic] form of the offense in that the victims in this case were under 13 years of age.
 I'm also going to find that the offender * * *, the Defendant poses the greatest likelihood of committing further crimes and I think I've heard additional evidence here today since the hearing now that the Defendant has many other victims and I would also find that the offense was perpetrated by his participation in youth groups or church groups that were for the care of children and he had a position of trust in that regard and violated that position of trust with the children who are under his care and control and therefore I'm finding that * * * it is the worst form of the offense and that the public needs protection from this type of conduct.
Therefore, a consecutive term on these offenses is deemed as necessary * * *.
Although the trial court may not have used the precise words of the statute, it is nonetheless apparent that the trial court found the circumstances set forth in subsections (b) and (c) of R.C. 2929.14(E)(4) to be present in this case, and that the circumstances necessitated the imposition of consecutive sentences for the multiple convictions. Furthermore, there was ample evidence in the record to support the trial court's findings.
Accordingly, Miesse's Third Assignment of Error is overruled.
 V
All of Miesse's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 ________________________ FAIN, J.
BROGAN and WOLFF, JJ., concur.
[1] State v. Acre, supra, involved a prosecution for rape, and was therefore concerned with the parallel limitation on evidence of a defendant's prior sexual activity found in R.C. 2907.02(D) and (E), pertaining to rape. The wording of the statutory limitations is identical, however.