DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Sandusky County Court of Common Pleas which, following a jury trial, found appellant, Jay Holt, guilty of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree. Appellant was then sentenced, on April 12, 2000, to serve a term of six years in prison and ordered to make full restitution and pay the costs of prosecution. Appellant timely appealed his conviction and sentence and raised the following assignment of error:
 "TRIAL COURT IMPAIRED DEFENDANT'S RIGHT TO CROSS EXAMINE WITNESS BY WARNING THAT QUESTION ON CROSS EXAMINATION WOULD LEAD TO FINDING THAT DEFENDANT WAIVED RIGHT TO REMAIN SILENT"
Based on the following, appellant argues that he was denied a fundamental right to full and complete cross-examination of witnesses. Appellant's counsel cross-examined Detective Emrich and asked, "Now when you spoke to Mr. Holt out at the jail did he tell you why he was living at the Great Lakes Motel?" Counsel for the state objected and the following colloquy took place:
"[STATE]: Objection.
"THE COURT: Counsel.
(CONFERENCE AT THE BENCH)
 "THE COURT: (inaudible) He might be waiving his right to remain silent.
"[DEFENSE]: To do what?
"[STATE]: Waiving his right to remain silent.
 "[DEFENSE]: By asking him questions about what he told Detective Emrich?
 "THE COURT: It's testimony and you have to be very careful. Is he going to take the stand?
"[DEFENSE]: (Inaudible)
"THE COURT: I'd be careful.
(IN THE PRESENCE OF THE JURY)
"THE COURT: Sustained."
The scope of cross-examination lies within the sound discretion of the trial court, viewed in relation to the particular facts of the case, and will not be disturbed absent a clear showing of an abuse of discretion.State v. Acre (1983), 6 Ohio St.3d 140, 145. An abuse of discretion involves more than an error of law, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
In this case, we find that the trial court's ruling and its additional statements made during the sidebar conference, cautioning defense counsel that appellant may be waiving his Fifth Amendment right to remain silent, did not impede appellant's Sixth Amendment right to cross-examine a witness. The state argues that the defense's inquiry called for hearsay. Appellant responds that the inquiry merely asked whether appellant had stated a reason to the detective, but did not call for the reason itself. Nevertheless, we find that it was clear where counsel's line of questioning was heading and that counsel's inquiry would have led to a response that was impermissible hearsay. See Evid.R. 801(C). Furthermore, we find that the trial court's gratuitous comments regarding appellant's Fifth Amendment right against self-incrimination have no bearing on this determination.
Accordingly, insofar as there was a valid basis for sustaining the state's objection, we find that the trial court was within its discretion to limit appellant's cross-examination of Emrich. Appellant's sole assignment of error is therefore found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Richard W. Knepper, J. CONCUR.
 ____________________________ Mark L. Pietrykowski, P.J.
JUDGE
 Melvin L. Resnick, J. CONCURS AND WRITES SEPARATELY.