This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Randall Bigley, appeals his conviction in the Medina Municipal Court. We reverse.
 I.
On January 20, 2001, Mr. Bigley was stopped by Officer Wayne Fischer of the Medina Township Police Department for crossing a double yellow line. Upon informing Mr. Bigley of his violation, Officer Fischer issued a citation to Mr. Bigley for failure to wear a seatbelt, a violation of R.C. 4513.263, but did not issue a citation for crossing the double yellow line. On March 14, 2001, the trial court found Mr. Bigley guilty of violating R.C. 4513.263. This appeal followed.
 II.
Mr. Bigley asserts five assignments of error. As the fourth assignment of error is dispositive of the appeal, we will consider it first.
 A. Fourth Assignment of Error THE TRIAL COURT ERRED BY REMOVING THE ABILITY OF THE ACCUSED TO CHALLENGE THE CROSSING OF THE DOUBLE YELLOW LINE ACCUSATION THAT WAS USED FOR THE PROBABLE CAUSE STOP AFTER THE PROSECUTION OPENED THE DOOR WITH PREVIOUS TESTIMONY OF THE INCIDENT PURSUANT TO THE DUE PROCESS CLAUSE OF THE 5TH AMENDMENT TO THE US CONSTITUTION, AND ARTICLE 1[,] SECTION 16 OF THE OHIO CONSTITUTION[.]
Mr. Bigley avers that the trial court erred by not allowing Mr. Bigley to cross-examine Patrolman Fischer on the issue of whether Mr. Bigley crossed the double yellow line despite the fact that the issue was raised in direct examination. We agree.
It is an established principle of the constitution that "`[t]he rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.'" Statev. Gardner (1979), 59 Ohio St.2d 14, 16-17, quoting Chambers v.Mississippi (1973), 410 U.S. 284, 294-95, 35 L.Ed.2d 297, 308. Pursuant to Evid.R. 611(A), a trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence[.]" "Cross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 611(B). "Wide latitude is allowed on cross-examination. Cross-examination is invaluable because it is used as a method of testing the accuracy, truthfulness and credibility of testimony." State v. Slagle (June 14, 1990), Cuyahoga App. No. 55759, unreported, 1990 Ohio App. LEXIS 2426, at *32.
"Trial judges may impose reasonable limits on cross-examination based on a variety of concerns, such as harassment, prejudice, confusion of the issues, the witness's safety, repetitive testimony, or marginally relevant interrogation." State v. Treesh (2001), 90 Ohio St.3d 460,480-81, citing Delaware v. Van Arsdall (1986), 475 U.S. 673, 679,89 L.Ed.2d 674, 683. "The limitation of cross-examination lies within the sound discretion of the trial court, viewed in relation to the particular facts of the case. Such exercise of discretion will not be disturbed in the absence of a clear showing of an abuse of discretion." State v. Acre
(1983), 6 Ohio St.3d 140, 145. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552.
Pursuant to R.C. 4513.263(B)(1), no person is to "[o]perate an automobile on any street or highway unless that person is wearing all of the available elements of a properly adjusted occupant restraining device[.]" However, R.C. 4513.263(D) further provides that
 no law enforcement officer shall cause an operator of an automobile being operated on any street or highway to stop the automobile for the sole purpose of determining whether a violation of * * * this section has been or is being committed or for the sole purpose of issuing a ticket, citation, or summons for a violation of that nature or causing the arrest of or commencing a prosecution of a person for a violation of that nature, and no law enforcement officer shall view the interior or visually inspect any automobile being operated on any street or highway for the sole purpose of determining whether a violation of that nature has been or is being committed.
Therefore, it is clear that a law enforcement officer is not permitted to stop a vehicle solely for the reason that the driver is not wearing a seat belt. See State v. Stevenson (Dec. 26, 1997), Portage App. No. 97-P-0021, unreported, 1997 Ohio App. LEXIS 5850, *3.
In the present case, Mr. Bigley asserts that it was error for the trial court to not permit him to cross-examine Patrolman Fischer on the issue of whether he crossed the double yellow line. At trial, on direct examination Officer Fischer testified that he conducted a traffic stop of Mr. Bigley upon observing him cross over a double yellow line. During cross-examination, Mr. Bigley attempted to question Officer Fischer as to the reason for the initial stop but was told that such issue was not relevant. The court specifically ruled that "[w]hether [Mr. Bigley] crossed the double yellow line is not an issue in this case." As previously discussed, an automobile may not be stopped solely for a violation of R.C. 4513.263. Accordingly, the relevant focus in the present case was not only the actual citation issued but also the initial purpose of the stop.
As the initial reason for the traffic stop was relevant to the case, see R.C. 4513.263(D), this court finds that the trial court abused its discretion when it did not permit cross-examination regarding that issue. Mr. Bigley's fourth assignment of error is sustained.
 B. First Assignment of Error THE TRIAL COURT ERRED BY NOT HAVING SUFFICIENT PRIMA FACIE EVIDENCE TO RENDER A GUILTY VERDICT PURSUANT TO THE DUE PROCESS OF LAW CLAUSE IN THE 5TH AMENDMENT TO THE US CONSTITUTION, AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION[.]
 Second Assignment of Error ORC 4513.263B-1 IS AN UNCONSTITUTIONAL STATUTE AS IT APPLIES TO THIS ACCUSED AND/OR TO THE GENERAL POPULATION OF THE STATE OF OHIO PURSUANT TO THE RIGHT TO CHOOSE, 9TH AMENDMENT TO THE US CONSTITUTION, AND ARTICLE 1[,] SECTION 20 OF THE OHIO CONSTITUTION[.]
 Third Assignment of Error PATROLMAN FISCHER ERRED BY FOLLOWING THE ACCUSED AT ONE CAR LENGTH AT A SPEED OF 45 MILES PER HOUR TO CAUSE THE ACCUSED TO CROSS A DOUBLE LINE IN ORDER TO INITIATE A PROBABLE CAUSE FOR A TRAFFIC STOP IN VIOLATION OF ORC 4511.34 AND 4511.20[.]
 Fifth Assignment of Error THE PROSECUTION ERRED BY MAKING THREATS TO THE ACCUSED OF ADDING CHARGES WHEN THE TRIAL IS COMPLETED IF THE ACCUSED REFUSES TO PLEAD GUILTY AND PAY THE FINE AND WANTS TO GO TO TRIAL PURSUANT TO THE DUE PROCESS CLAUSE AND THE RIGHT TO FACE ONES [sic] ACCUSER, 5TH
AND 6TH AMENDMENT TO THE US CONSTITUTION, ARTICLE 1, SECTIONS 16 AND 10 OF THE OHIO CONSTITUTION[.]
We need not address Mr. Bigley's remaining assignments of error as they have been rendered moot by our disposition of his fourth assignment of error. See App.R. 12(A)(1)(c).
 III.
Mr. Bigley's fourth assignment of error is sustained. His first, second, third, and fifth assignments of error are rendered moot by this court's disposition of Mr. Bigley's fourth assignment of error. See App.R. 12(A)(1)(c). The judgment of the Medina Municipal Court is reversed, and the cause remanded for further proceedings consistent with this decision.
Judment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
SLABY, J., WHITMORE, J. CONCUR.