OPINION *Page 2 
{¶ 1} On April 20, 2007, the Richland County Grand Jury indicted appellant, Michael Seasor, on one count of aggravated burglary in violation of R.C. 2911.11. Said charge arose from an incident wherein appellant and his brother, Scott Seasor, broke into the residence of Jessie Summerour and Vanessa Thornton. Mr. Summerour was assaulted during the encounter.
 {¶ 2} A jury trial commenced on October 30, 2007. The jury found appellant guilty as charged. By sentencing entry filed November 7, 2007, the trial court sentenced appellant to six years in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY UNDULY LIMITING APPELLANT'S COUNSEL IN THE PROCESS OF CROSS-EXAMINATION OF AN INVESTIGATING POLICE OFFICER, THEREBY PREVENTING APPELLANT FROM RECEIVING A FAIR TRIAL."
 I {¶ 5} Appellant claims the trial court erred in limiting the cross-examination of one of the investigating officer, Mansfield Police Officer John Fuller. We disagree.
 {¶ 6} The standard of review to be applied by this court with regard to a trial court limiting cross-examination is abuse of discretion.State v. Acre (1983), 6 Ohio St.3d 140. In order to find an abuse of discretion, we must determine the trial court's *Page 3 
decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 7} Evid. R. 611 governs mode and order of interrogation and presentation of witnesses, and states the following in pertinent part:
 {¶ 8} "(A) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
 {¶ 9} "(B) Scope of cross-examination. Cross-examination shall be permitted on all relevant matters and matters affecting credibility."
 {¶ 10} Evid. R. 401 defines "relevant evidence" as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 402 provides:
 {¶ 11} "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."
 {¶ 12} Appellant argues the trial court denied him the right to cross-exam Officer Fuller on relevant evidence. It was defense counsel's strategy to impeach the lack of a thorough investigation by failing to process the crime scene i.e., the failure to call the *Page 4 
crime lab to do forensic testing and/or evaluations of the crime scene. T. at 470-475. In the lengthy colloquy between the trial court and counsel, the trial court stated some conclusory statements not in the record i.e., availability of the crime lab at 6:00 a.m. T. at 474-475. At the conclusion of the discussion, without a definitive ruling on the objection, defense counsel agreed to "move on. That's no problem." T. at 475.
 {¶ 13} Based upon the very nature of the officers' actions in this case, we find no error in limiting the cross-examination of Officer Fuller.
 {¶ 14} The police responded to a call regarding a burglary. T. at 441. Officer Fuller was the second officer to arrive at the scene. Id. Officer Fuller drove by the scene and proceeded to drive up the street. T. at 442. Officer Fuller observed a white male on the side of the road, flinging his arms. T. at 442-443. Officer Fuller stopped and spoke with the gentleman. T. at 443. He appeared to have been drinking. Id. At the same time, Officer Fuller received a description of the burglars from the officer at the scene. Id. The gentleman Officer Fuller was talking to matched the description of one of the burglars. Id. Officer Fuller placed the gentleman in his cruiser and returned to the scene. Id. The gentleman's name was Scott Seasor, appellant's brother. T. at 444. One of the victims identified Mr. Seasor as one of the burglars. T. at 445. When asked if he had been with anybody, Mr. Seasor replied he had been with his brother, appellant herein. Id. Officer Fuller and other officers then went to appellant's residence. Id. Appellant matched the description of the other burglar. T. at 446. Thereafter, appellant was arrested. T. at 448.
 {¶ 15} The lack of any forensic processing of the scene is basically irrelevant to the issue of appellant's participation in the crime given the identification of his brother at *Page 5 
the scene, his brother's admission that appellant had been with him, and the identification of appellant in court. T. at 233, 292. The use of forensics in this case would have been mere "window dressing."
 {¶ 16} Upon review, we find the trial court did not err in limiting the cross-examination of Officer Fuller as argued sub judice.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1