This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Fernando Soto, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which awarded custody of the minor child to Appellee, Jennifer Barnett-Soto. We affirm.
{¶ 2} Appellee filed a divorce complaint on March 13, 2000, in the Medina County Court of Common Pleas, Domestic Relations Division. Hearings were held on November 19, 2001 and December 3 and 21, 2001. The court was to determine issues of custody, visitation, and child support. The parties previously divided personal assets, and each waived spousal support. The trial court issued a final judgment entry on January 15, 2002. Appellee was designated the residential and custodial parent and was also entitled to the tax exemption for the minor child. Appellant timely appealed raising four assignments of error for review.
 ASSIGNMENT OF ERROR I
{¶ 3} "The trial court erred and abused its discretion in awarding [Appellee] custody of the minor child by failing to follow the requirements of *** [R.C.] 3109.04(F)(1)[.]"
{¶ 4} In his first assignment of error, Appellant maintains that the trial court abused its discretion by designating Appellee as the custodial and residential parent. Specifically, Appellant argues that the factors outlined in R.C. 3109.04(F)(1) were not taken into consideration by the trial court when determining the best interests of the minor child.[1] The record indicates otherwise.
{¶ 5} A trial court maintains broad discretion in its allocation of parental rights and responsibilities and may only be reversed upon a showing of an abuse of discretion. Smith v. Smith, 9th Dist. No. 01CA0036, 2002-Ohio-223, at 3-4, citing Miller v. Miller (1988),37 Ohio St.3d 71, 74; Donovan v. Donovan (1996), 110 Ohio App.3d 615,618. See, also, Davis v. Flickinger (1997), 77 Ohio St.3d 415, 416-17. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
{¶ 6} An appellate court's role is to ascertain "whether the award of custody is supported by a substantial amount of credible and competent evidence." Poulton v. Poulton (Feb. 7, 2001), 9th Dist. No. 3056-M, at 3, citing Davis, 77 Ohio St.3d at 418. A trial court's decision is afforded "the utmost respect" as the trial court is better equipped to weigh the evidence due to the knowledge gained through observing witnesses in a custody proceeding. Smith, supra, at 3-4, citing Miller,37 Ohio St.3d at 74.
{¶ 7} In Ohio, R.C. 3109.04 governs the allocation of parental rights and responsibilities. The court is to take into account the best interest of the child when making the allocation of parental rights and responsibilities. R.C. 3109.04(B)(1). R.C. 3109.04(F)(1) provides a list of nonexclusive factors to consider when determining a child's best interest:
{¶ 8} "(a) The wishes of the child's parents regarding the his care;
{¶ 9} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
{¶ 10} "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
{¶ 11} "(d) The child's adjustment to his home, school, and community
{¶ 12} "(e) The mental and physical health of all persons involved in the situation;
{¶ 13} "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
{¶ 14} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
{¶ 15} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; ***
{¶ 16} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
{¶ 17} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
{¶ 18} Appellant avers that "a review of the court[']s findings of facts and conclusions of law show that the trial court failed to even consider [R.C.] 3109.04(F)(1)" when making its determination that it was in the child's best interest to be placed with his mother. We disagree.
{¶ 19} In support of its decision to name Appellee the residential parent, the trial court found, "[u]pon consideration of all of the factors set forth in R.C. 3109.04(F)(1)[;]" that B.S. is well adjusted to his mother's home and to his daycare arrangements; both parents wish to be custodial and residential parent; both parents appear to be in good physical and mental health; neither party has criminal convictions for abuse or neglect of a child; and neither party is currently denying the other parenting time. Additionally the court noted its concerns about "[Appellant's] extremely negative opinion of the mother." In discussing this issue, the court noted that "it will not subscribe to [Appellant's] argument that [Appellee] is somehow failing in her parenting role because she is supporting herself while her husband resides with and supports a stay at home girlfriend. The expert evaluation and the other evidence adduced at trial reveals that [Appellee] is a competent and effective parent committed to fostering a positive relationship for her child with both parents." The court also stated that Appellee appeared to be more willing to facilitate parenting time with Appellant and also more willing to foster a relationship between B.S. and Appellant than Appellant was interested in maintaining a relationship between B.S. and Appellee.
{¶ 20} The court found, based upon a review of the statutory factors, Guardian Ad Litem reports, and expert evaluations, that it was in B.S.'s best interests that Appellee be designated the residential and custodial parent. After an independent review of the record, we find that the trial court considered the factors listed in R.C. 3109.04(F)(1) upon allocating parental rights and responsibilities to Appellee. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
{¶ 21} "The trial court erred to the prejudice of [Appellant] when it acted in bias toward the out-of-town Appellant and his out-of-town counsel in it's [sic.] capricious, arbitrary and discriminatory rulings and decisions[.]"
{¶ 22} In his second assignment of error, Appellant asserts that various rulings and decisions of the trial court were biased and discriminatory. We find no merit in this assignment of error.
{¶ 23} As trial judges are presumed to be un-biased and un-prejudiced, the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity. Okocha v.Fehrenbacher (1995), 101 Ohio App.3d 309, 322, citing State v. Wagner
(1992), 80 Ohio App.3d 88, 93. "The existence of prejudice or bias against a party *** is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party."Okocha, 101 Ohio App.3d at 322, citing In re Adoption of Reams (1989),52 Ohio App.3d 52, 59.
{¶ 24} In this case, Appellant claims that the trial court's bias against him and his counsel was evidenced by improper remarks, limitations upon cross-examination of witnesses, and alleged improper rulings on objections. The only alleged biased comment identified by Appellant was made by opposing counsel, not the trial court. When objecting to questioning by counsel for Appellant, Appellee's counsel stated, "Your Honor, I'm going to object for the record. Counsel seeks to delight in trying to characterize [Appellee] as a liar here. Obviously, I understand. I have been doing this a long time in this court in this county, and it's not our way we do business in this county to call other people's clients liars as the [c]ourt is aware, and I object to it, and I'm going to continue to object to it." The trial court sustained the objection and noted that it was the court's duty to determine matters of credibility; "[i]t's not for either counsel or the parties to determine who is lying or telling the truth. If [counsel] will stick to the factual questions and not editorial comments, the [c]ourt would appreciate it."
{¶ 25} A review of the record fails to demonstrate any bias on the part of the trial court as it appeared to treat all parties and their attorneys in an even-handed manner in exercising control over the proceedings. Appellant failed to demonstrate how the rulings and decisions of the trial court evidenced discrimination based upon the residency of the parties and their attorneys. We find no basis for Appellant's claim of bias. We cannot say that the trial court acted in an improper or prejudicial manner in presiding over the hearing below. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
{¶ 26} "The trial court committed a reversible and prejudicial error when it refused to allow [Appellant] to query [Appellee] on issues of her court recommended therapy[.]"
{¶ 27} In his third assignment of error, Appellant maintains that the trial court committed prejudicial error by limiting the cross-examination of Appellee on matters pertaining to her therapy. We disagree.
{¶ 28} Pursuant to Evid.R. 611(B), cross-examination is permitted on all relevant matters and those affecting credibility of witnesses. "The limitation of *** cross-examination lies within the sound discretion of the trial court, viewed in relation to the particular facts of the case." State v. Treesh (2001), 90 Ohio St.3d 460, 480, citing State v.Acre (1983), 6 Ohio St.3d 140, 145. As such, an appellate court may disturb a trial court's determination relating to the scope of cross-examination only where a trial court has abused its discretion and the party illustrates a material prejudice. Bender v. Bender (July 18, 2001), 9th Dist. No. 20157, at 15.
{¶ 29} Trial courts may impose reasonable limits on cross-examination based on a number of concerns, including harassment, prejudice, confusion of the issues, the witness's safety, repetitive testimony, or marginally relevant interrogation. Delaware v. Van Arsdall
(1986), 475 U.S. 673, 679, 89 L.Ed.2d 674; Boggs v. Collins (6th Cir. 2000), 226 F.3d 728, 736. We note, however, that not all error pertaining to limitations on cross-examination is reversible error. State v. Long
(1978), 53 Ohio St.2d 91, 97-98.
{¶ 30} Appellant contends that the trial court committed prejudicial error when it "refused to allow [Appellant] to question [Appellee] on issues of her court recommended therapy." Upon a thorough review of the record, we disagree. Although the trial court did not permit detailed questioning of Appellee concerning the issues she discussed with her psychologist, Beth Lawton ("Lawton") testified at the hearing and discussed her diagnosis of Appellee and the issues she explored during the sessions. Lawton stated that counseling was directed at anger management issues, and relationship and communication issues between Appellee and her significant other. Under these circumstances, Appellant has not demonstrated material prejudice resulting from the alleged procedural defect which would amount to an abuse of discretion. "Material prejudice occurs when, after weighing the prejudicial effect of the errors, we are unable to find that without the errors the fact finder would probably have reached the same decision." Zeber v. Herd (June 14, 2000), 9th Dist. No. 19602, at 4, citing Hallworth v. Republic SteelCorp. (1950), 153 Ohio St. 349, paragraph three of the syllabus. As the information Appellant sought was subsequently introduced at the hearing through Lawton's testimony, we cannot say that the trial court would not have reached the same result if the cross-examination of Appellee had not been limited in scope. Accordingly, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
{¶ 31} "The trial court erred in determining an award in the tax deduction to [Appellee] by failing to follow the law mandated under [R.C.] 3119.82[.]"
{¶ 32} In his fouth assignment of error, Appellant asserts that the trial court erred in awarding the tax dependency exemption to the custodial parent by failing to follow R.C. 3119.82. We disagree.
{¶ 33} R.C. 3119.82 became effective March 22, 2001. However, the divorce complaint was filed on March 13, 2000. As this case was pending prior to the effective date of March 22, 2001, R.C. 3119.82 was not in effect and is thus not applicable. See Chaudhry v. Chaudhry (Apr. 8 1992), 9th Dist. No. 15252, at 6, (applying the statute in effect at the time of filing of complaint) citing Woodward v. Eberly (1958),167 Ohio St. 177, paragraph one of the syllabus; Fazekas v. Fazekas
(Nov. 6, 1991), 9th Dist. No. 91CA005048, at 4. Accordingly, the trial court was not mandated to follow R.C. 3119.82 when awarding the tax dependency exemption. Appellant's fourth assignment of error is overruled.
{¶ 34} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
BAIRD, J. and CARR, J., CONCUR.
[1] We note that, on appeal, Appellant does not contest the trial court's determination of the child's best interests. As such, an inquiry into the best interests of the child under an abuse of discretion standard is not undertaken.